﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191210-48937
DATE: September 30, 2020

ORDER

Service connection for tinnitus, to include as secondary to bilateral hearing loss, is granted.

FINDING OF FACT

Tinnitus is related to service-connected bilateral hearing loss.

CONCLUSION OF LAW

The criteria for service connection for tinnitus, to include as secondary to bilateral hearing loss, have been met. 38 U.S.C. §§ 1101, 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1972 to August 1978.

This appeal is before the Board of Veterans’ Appeals (Board) from a November 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) under the Appeals Modernization Act. See 38 C.F.R. § 3.2400(a)(1). The Veteran’s claim was initially denied in a March 2019 rating decision. In April 2019 he requested Higher-Level Review, and a May 2019 Higher-Level Review decision ordered a new VA examination. His claim was denied again in a November 2019 rating decision, which he appealed in December 2019 requesting the Direct Review docket. The Board may therefore consider all evidence in the record as of the November 2019 decision on appeal. 38 C.F.R. § 20.301.

The November 2019 rating decision characterized its decision in terms of new and relevant evidence. This was incorrect. Although service connection for tinnitus had been denied in a March 2019 rating decision, this decision was not final, as the Veteran requested Higher-Level Review. The November 2019 rating decision arises from the same January 2019 claim, and as such the Board will address the issue as service connection on the merits.

Entitlement to service connection for tinnitus, to include as secondary to bilateral hearing loss

The Veteran claims service connection for tinnitus.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

For certain chronic diseases, including organic diseases of the nervous system such as tinnitus, a presumption of service connection arises if the disease is manifested to a degree of 10 percent within one year following discharge from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a). When a chronic disease is not shown to have manifested to a compensable degree within one year after service, under 38 C.F.R. § 3.303(b) for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. When the fact of chronicity in service is not adequately supported, a showing of continuity after discharge is required to support a claim for such diseases; however, such continuity of symptomatology may only support a claim for those chronic diseases listed under 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Favorable findings in the November 2019 rating decision include a current diagnosis of tinnitus and exposure to loud noise in service. The question before the Board is therefore limited to whether there is a relationship between the Veteran’s tinnitus and in-service noise exposure or his service-connected bilateral hearing loss.

Service treatment records do not reflect any symptoms of or treatment for tinnitus, and no such abnormality was noted at the Veteran’s August 1978 separation examination.

An October 1993 VA examination related to the Veteran’s prior claim hearing loss noted that he denied the presence of tinnitus.

Post-discharge military treatment records reflect that at a May 1996 audiological consultation the Veteran reported no change in tinnitus.

VA treatment records reflect that in March 1998 the Veteran reported ringing in his ears while hospitalized for psychotic symptoms. At the time, he believed a delusion that the ringing in his ears was due to explosive materials placed in his ears. He denied ringing in his ears the following day.

At an April 1999 VA examination for a prior claim related to hearing loss, the examiner stated that tinnitus was not present as an issue of concern today.

VA treatment records reflect that at a December 2009 audiology consultation the Veteran reported bilateral periodic tinnitus for 3-4 years. He was diagnosed with tinnitus. At a November 2013 otolaryngology consultation to address his concern for tympanic membrane perforation, he denied tinnitus. At a January 2019 audiology consultation, he denied tinnitus.

In his January 2019 claim, the Veteran reported that his tinnitus was secondary to his hearing loss, and secondary to the acoustic trauma that caused his hearing loss. He stated that it was a minor issue before but was now more frequent.

The Veteran underwent a VA examination in in March 2019. The examiner stated that he reported tinnitus for the prior year or so. The examiner opined that tinnitus was less likely than not related to military noise exposure. This opinion was based on the rationale that tinnitus beginning in the last year or so would have begun around 41 years after active duty service and would therefore not be the result of in-service noise exposure.

In a statement accompanying his April 2019 request for Higher-Level Review, the Veteran denied stating that his tinnitus began “in the last year or so.” Rather, he stated that his tinnitus got bad enough to bother him within the last year or so, but he had experienced tinnitus since separation from service.

In May 2019, a Higher-Level Review decision ordered an additional VA medical opinion to address secondary service connection. A second opinion was provided in May 2019. The examiner ignored the instructions and restated the March 2019 opinion addressing direct service connection. Additionally, the examiner failed to address the Veteran’s contention that his tinnitus did not start about a year ago.

The Board finds that the evidence is at least in equipoise as to whether the Veteran’s tinnitus is related to his service-connected bilateral hearing loss. He has consistently asserted such a relationship since filing his claim, yet despite two attempts the examiner has ignored this contention and provided no opinion as to its validity. Furthermore, the examination is inadequate because the examiner has clearly not reviewed the record, which showed a December 2009 diagnosis of tinnitus nearly 10 years prior to the examination, as well as an April 2019 statement from the Veteran clarifying that his tinnitus worsened but did not arise one year ago. Notably, the time frame in which the Veteran states his tinnitus worsened matches the time when his hearing loss rating was increased from 10 percent to 50 percent, which suggests a relationship that was not addressed by the examiner. For these reasons, the Board finds that the evidence is at least in equipoise that the Veteran’s tinnitus is related to his service-connected hearing loss, and service connection is therefore granted.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Gallagher, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.